UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEDRICK ANTWAN RUSSELL,

    Petitioner,

-vs-                                        Case No. 8:16-cv-493-T-02AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Russell, a Florida prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (hereinafter "petition") on February 23, 2016 (Dkt. 1).[1] Respondent moves to dismiss the petition as time-barred (Dkt. 16), which Mr. Russell opposes (Dkt. 21). As determined below, the petition is timely.

### Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a

---

[1] Although the court received the petition on March 1, 2016, a *pro se* prisoner's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The petition was placed in the prison mailing system on February 23, 2016 (Dkt. 1, p. 1).

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Mr. Russell's judgment of conviction became final on September 1, 2009, ninety (90) days after the appellate court affirmed his conviction on June 3, 2009 (Respondent's Ex. 4). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the AEDPA limitation period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired). Therefore, unless the limitation period was tolled by a motion for collateral review, Mr. Russell had until September 1, 2010, to file his federal habeas petition.

Before the AEDPA limitation period started, Mr. Russell filed a petition for writ of habeas corpus in the state circuit court on August 20, 2009 (Respondent's Ex. 6). That petition, treated as a post-conviction motion under Rule 3.850, Florida Rules of Criminal Procedure, tolled the limitation period through December 30, 2014, when the appellate court mandate issued after the denial of the Rule 3.850 motion was affirmed on appeal (Respondent's Ex. 19). *See Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007) (AEDPA clock resumed running when state appellate court's mandate issued disposing of the motion for post-conviction relief).

The AEDPA limitation period started to run on December 31, 2014, and 174 days elapsed before Mr. Russell filed a petition for writ of habeas corpus in the Florida Second District Court of Appeal on June 5, 2015 (Respondent's Ex. 20). The petition, treated as a petition for a writ of mandamus, was denied on August 13, 2015 (Respondent's Ex. 21). Mr. Russell's motion for rehearing was denied on November 4, 2015 (Respondent's Ex. 24).

On December 21, 2015, Mr. Russell filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court (Respondent's Ex. 25). The notice was dismissed on December 30, 2015, because the Florida Supreme Court lacked jurisdiction to consider the case (Respondent's Ex. 26).

**Analysis**

The critical issue is whether Mr. Russell's June 5, 2015 petition for writ of habeas corpus, treated as a petition for a writ of mandamus, tolled the AEDPA limitation period. Respondent contends that the petition did not toll the limitation period because it sought a writ of mandamus, which is not an application for post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2) (Dkt. 16, pp. 8-9). Respondent argues that the petition was not an application for post-conviction review because it did not attack the legality of Mr. Russell's conviction or sentence (Id., p. 9). Mr. Russell disagrees and argues that the petition did attack his sentence and conviction (Dkt. 21, p. 1).

"[A] state court motion is not an application for State post-conviction or other collateral review for purposes of § 2244(d)(2) unless it attacks the legality of the sentence." *Davis v. Barrow*, 540 F.3d 1323, 1324 (11th Cir.2008) (citing *Alexander v. Sec'y, Dep't of Corrs.*, 523 F.3d 1291, 1297–98 (11th Cir.2008)) (emphasis in original). The court finds that the petition attacked the legality of Mr. Russell's sentence. The petition sought a writ of habeas corpus and alleged that in light of prior appellate court decisions, the Second District Court of Appeal's decision affirming the denial of his Rule 3.850 motion amounted to a manifest injustice (Respondent's Ex. 20). In Florida, appellate courts have "inherent authority to grant a writ of habeas corpus to avoid incongruous and manifestly unfair results." *Stephens v. State*, 974 So. 2d 455, 457 (Fla. 2d DCA 2008). Accordingly, Mr. Russell's petition tolled the AEDPA limitation period because it was an "application for State

post-conviction or other collateral review" within the meaning of § 2244(d)(2).

The AEDPA limitation period remained tolled through November 4, 2015. Thereafter, another 110 days elapsed before Mr. Russell filed his federal habeas petition in this court.[2] Therefore, a total of only 284 days of the AEDPA limitation period expired before Mr. Russell filed his federal habeas petition. Accordingly, the petition is timely.

It is therefore **ORDERED** that:

1. Respondent's construed motion to dismiss (Dkt. 16) is **DENIED**.

2. Not later than April 29, 2019, Respondent must file an amended response to the petition. Mr. Russell has thirty (30) days to reply.

3. This action is **ADMINISTRATIVELY CLOSED**. The **clerk** must re-open this action when briefing is complete.

**DONE AND ORDERED** in Tampa, Florida on _January 29th_, 2019.

WILLIAM F. JUNG
United States District Judge

Copies to: Shedrick Russell *pro se*
Counsel of Record

---

[2]Mr. Russell's December 2015 notice of invoking the discretionary jurisdiction of the Florida Supreme Court (Respondent's Exs. 25, 26) did not toll the AEDPA limitation period because it was not a properly filed motion, since jurisdiction did not lie to review the silent affirmance of the Second District. *See Reighn v. McNeil*, 2009 WL 3644805 at *4, n. 2 (N.D.Fla., Oct.30, 2009) (unpublished) (petitioner's notice to invoke the discretionary review jurisdiction of the Florida Supreme Court was not a "properly filed" application for state post-conviction relief because Petitioner sought review of a per curiam affirmance without written opinion from denial of Rule 3.850 motion).